```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOEL BAEZ,

                        Plaintiff,             REPORT AND
         - against -                           RECOMMENDATION

                                               09-CV-2635 (RRM) (JO)

THE CITY OF NEW YORK, et al.,

                        Defendants.
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff Joel Baez ("Baez"), a minor, with his mother and natural guardian, Sonia Baez, filed the instant suit against the City of New York and several of its individual employees alleging that the defendants caused the infant plaintiff to be beaten, arrested, charged with Robbery in the Second Degree, and held in police custody for four days in violation of his rights under the federal Constitution and 42 U.S.C. § 1983. *See* Docket Entry ("DE") 9, Amended Complaint ¶¶ 1, 12-36.[1] The parties now propose to enter into a settlement. Specifically, they propose to compromise all of the plaintiff's claims against the defendants for the sum of $15,000. Of that amount, Baez is to receive $10,000 (which will be held in an annuity by New York Life Insurance and Annuity Corporation until it is paid to him in two lump sums on his 21st and 25th birthdays); and Baez's counsel will receive the remaining $5,000 as their fee. I respectfully recommend that the court approve the proposed settlement as fair, reasonable, and in Baez's best interests. *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. §§ 1205-08; N.Y. Jud. Law § 474.

---

[1] Joel Baez, a minor, is listed as the sole plaintiff in this case. An affirmation by his mother, Sonia Baez, is included in the submission in support of the infant compromise. Because Baez and his counsel chose not to redact his name in the caption, I do not do so here. *See* Fed. R. Civ. P. 5.2(a)(3), (h).

I.  Background

Baez alleges that just after midnight on December 20, 2008, when he was 15 years old, he was leaving a party at a friend's house in Corona, New York. He further asserts that a fight broke out nearby between other party-goers, and a crowd of about fifteen people, including himself, gathered around the two people involved in the fight. Two defendants, New York City Police Department ("NYPD") Officer Daniel Lanning and NYPD Sergeant Jeff Rosenberg, arrived on the scene and began to chase Baez, eventually tackling him to the ground. Baez further contends that the officers beat him while he was on the ground and caused him to sustain certain injuries, arrested him without probable cause, and improperly charged him with Robbery in the Second Degree. Baez remained in police custody for four days before the charges were dismissed. Amended Complaint ¶¶ 12-36.

Baez brought suit alleging that the defendants' conduct violated his rights under the Constitution as well as federal and state law. He asserted federal law claims under 42 U.S.C. § 1983 ("Section 1983") for violation of his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. He also brought state law claims of false arrest and false imprisonment. *Id.* at ¶¶ 40-74. The defendants filed an answer to the Amended Complaint on November 19, 2009. DE 16. I subsequently engaged the parties in settlement negotiations, which has resulted in the instant proposed infant compromise.

In support of the proposed settlement, Baez's counsel submitted her own affirmation and an affirmation by Sonia Baez, both of which describe and endorse the proposed settlement. *See* DE 23 (Affirmation of Jane Byrialsen ("Byrialsen Aff.")); DE 23-3 (Affirmation of Sonia Baez ("Baez Aff.")). I held a hearing on April 21, 2010, to determine the reasonableness and propriety

of the proposed settlement of the infant's cause of action and to determine reasonable attorneys' fees incurred by the plaintiffs' attorneys in prosecuting this action. *See* Loc. Civ. R. 83.2(a); N.Y. C.P.L.R. § 1208. Baez attended along with his attorney and his father, as did the defendants' counsel. At the hearing, the attorneys explained the terms of the settlement and their views as to why the proposed result is a fair one, and Baez and his father indicated that they understood and agreed to the terms of the proposed settlement.

II.     Discussion

    A.     The Settlement Amount

There is no bright-line test for concluding that a particular settlement is fair. *See, e.g.*, *Newman v. Stein*, 464 F.2d 689, 692-93 (2d Cir. 1972). Rather, the court must determine whether the proposed settlement is "'fair, reasonable, and adequate' by comparing 'the terms of the compromise with the likely rewards of litigation.'" *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642, 654 (2d Cir. 1999) (quoting *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995)). A strong presumption exists that a settlement is fair and reasonable where "(i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; [and] (iii) there has been sufficient discovery to enable counsel to act intelligently ...." *Ross v. A.H. Robins Co., Inc.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) (internal citations and quotation marks omitted).

There is no indication of collusion in this case. To the contrary, having reviewed the written submissions, having participated in the settlement negotiations, and having spoken with the participants at the compromise hearing, I am confident that this settlement is the result of arm's-length bargaining. I further conclude that counsel's investigation into the circumstances

surrounding the alleged conduct of the defendants was sufficient to enable an intelligent analysis of the issues and the proposed settlement. In addition, Baez's attorneys assert, as required by state law, that neither they nor their firm have any interest in the settlement of the instant claim adverse to their client's interests, and that they have not received nor will they receive any compensation from any party adverse to their client's interests other than the attorneys' fees they are receiving from the defendants as part of the settlement. Byrialsen Aff. ¶ 12; *see* N.Y. C.P.L.R. § 1208. I am satisfied that Baez's interests are not being sacrificed in any way and that his attorneys have faithfully represented those interests.

In considering a proposed settlement, the following factors are relevant, among others: the complexity, expense and likely duration of the litigation; the extent to which the parties have completed discovery; the litigation risks as to issues of both liability and damages; the defendants' ability to withstand a greater judgment; and the reasonableness of the proposed settlement fund compared to the best possible recovery and in light of all the litigation risks. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 117 (2d Cir. 2005).

In applying these factors, I recognize that the court need "'not decide the merits of the case or resolve unsettled legal questions.'" *In re McDonnell Douglas Equip. Leasing Sec. Litig.*, 838 F. Supp. 729, 739 (S.D.N.Y. 1993) (quoting *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981)). Moreover, courts have held that under New York law it should be presumed that the guardian or parent of the infant is acting in the best interests of the child, and accordingly, I give deference to the views of Baez's parents regarding the fairness of the settlement. *See, e.g., Sabater v. Lead Indus. Ass'n, Inc.*, 2001 WL 1111505, at *3-4 (S.D.N.Y. Sept. 21, 2001); *Stahl v. Rhee*, 643 N.Y.S.2d 148, 153 (N.Y. App. Div. 1996) (noting that "[i]n a case where reasonable

minds may legitimately differ, the judgment of the infant's natural guardian should prevail"). The litigation in this case has imposed burdens on all of the parties and is likely to continue to do so if not settled.

Under the terms of the proposed settlement, the defendants will pay $15,000. Baez's attorneys will receive $5,000 as their fee (and have waived the right to recover disbursements). *See* Byrialsen Aff. ¶ 8. Baez will receive $10,000, which will be held in an annuity for him until he reaches adulthood. Based on an evaluation of the circumstances of the case, I conclude that the proposed settlement amount is reasonable and respectfully recommend that the court approve it. In particular, it appears likely that Baez would have difficulty establishing that the charges against him ended with a favorable result, thereby making it unlikely he would prove liability on most of his claims; in addition, the limited nature of his physical injuries makes it unlikely that he would recover a significant amount even if he could prove liability on his excessive force claim.[2] I therefore recommend that the court approve the settlement terms.

B.  Attorneys' Fees

Under applicable law, the criterion for determining the appropriate amount of attorneys' fees to be awarded in the context of an infant compromise proceeding is "'suitable compensation for the attorney for his service ... [on] behalf of the ... infant.'" *Allstate Ins. Co. v. Williams*, 2006

---

[2]  Notwithstanding the assertion that the defendants' use of excessive force caused Baez to sustain physical injuries, Amended Complaint ¶¶ 33-35, the submissions in support of the proposed infant compromise do not include any documentation of the alleged physical injuries or a physician's report, as required under New York law. *See* N.Y. C.P.L.R. § 1208(a)(4). Pursuant to Local Civil Rule 82.3(a)(1), I waived that requirement for several reasons: first, Baez's claims primarily concern the propriety of his arrest, rather than the use of force; second, the injuries were all minor and required no long-term treatment; and third, Baez acknowledges – and my observation confirms – that he has fully recovered from any injury he suffered. Baez Aff. ¶ 8.

WL 2711538, at *4 (E.D.N.Y Sept. 21, 2006) (quoting *Werner v. Levine*, 276 N.Y.S.2d 269, 271 (Sup. Ct. 1967)). Although Baez and his mother have agreed to the proposed fee, such agreements are merely advisory and serve only to guide the court in making a determination committed to its sound discretion. *Id.* (quoting *Werner*, 276 N.Y.S.2d at 271). Counsel has submitted a declaration listing the various services her office has performed during the pendency of this case. Byrialsen Aff. ¶ 11. Counsel also submitted a copy of the retainer agreement (signed by Sonia Baez) pursuant to which counsel may receive the greater of one-third of the settlement amount or any attorneys' fees awarded by the court. DE 23-1. I raised my concerns at the hearing that a fee of one-third of the settlement amount may be unwarranted given the straightforwardness of the litigation and the fact that little, if any, discovery had taken place at the time of settlement. Indeed, I might well recommend a lower amount if presented with a fee application under similar circumstances. However, I am reluctant to recommend that the court override the retainer agreement; doing so might have the effect of chilling the willingness of counsel to take on similar cases or to recommend otherwise favorable settlements to their clients. I therefore recommend, albeit reluctantly, that the court approve the proposed fee amount.

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court adhere to its preliminary approval of the parties' proposed settlement and enter an order approving the infant compromise as proposed by the plaintiff. *See* DE 22-1 (Proposed Infant Compromise Order); DE 25 (endorsed order on DE 22-1); Order dated March 4, 2010 ("The Stipulation and Order of Settlement and Dismissal ... being expressly contingent upon review and approval of the Proposed Infant Compromise Order ..., the matter is respectfully referred to the Magistrate

[Judge] for additional proceedings, as necessary, and for Report and Recommendation."). I further recommend that the court retain jurisdiction of this action for the purposes of enforcing this infant compromise order and the terms of the underlying settlement.

IV. Objections

Any objections to this Report and Recommendation must be filed with the Clerk no later than May 5, 2010. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

**SO ORDERED.**

Dated: Brooklyn, New York
April 21, 2010

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge